## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

ROBERT SCOTT PHILPOTT
ADC #111495                                                                                    PLAINTIFF

V.                                    NO: 5:07CV00161 JLH/HDY

ARKANSAS, STATE OF *et al.*                                                     DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge

J. Leon Holmes.   Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than eleven (11) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge  (if such a  hearing is granted) was not  offered at  the
        hearing before the Magistrate Judge.

1

Dockets.Justia.com

3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, an inmate at the Diagnostic Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on June 26, 2007, alleging that an electronic tracking device has been placed on him illegally, and is stuck in his ear. According to Plaintiff, the Federal Bureau of Investigation ("FBI") continually talks to him through the device, which amounts to him being tortured.[1]  Plaintiff also asserts that prison staff will not assist him in obtaining a "bug detector," which would help him prove the existence of the device. For relief, Plaintiff seeks access to an electronic device detector, that Defendants be removed from their employment, and that he be released from prison.

### **I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or

---

[1]Plaintiff contends the device has an unlimited word processor.

malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II. Analysis of Plaintiff's claims

Plaintiff has named 19 Defendants, none of whom are alleged to have had any role in implanting the device. According to Plaintiff, an unidentified girl gave Plaintiff an ear ring, which led to the device becoming stuck in his ear. Plaintiff's complaint that he has some sort of listening device in his ear, through which the FBI communicates with him in a torturing manner, is so obviously fanciful that it should be dismissed. *See Horsey v. Asher*, 741 F.2d 209, 213 (8th Cir. 1984) (fanciful complaints should be swiftly dismissed).

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.    Plaintiff's complaint be DISMISSED WITH PREJUDICE as frivolous.

2.    This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3

    3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

    DATED this   2   day of July, 2007.

 

 

_____

UNITED STATES MAGISTRATE JUDGE

4